IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN K. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-233-MEF |
| v. | ) | |
| | ) | |
| ERIC HOLDER, et al., | ) | WO- DO NOT PUBLISH |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This cause is before the Court on the Plaintiff's "Motion to Allow Plaintiff to File his Response to the Defendant's Motion for Summary Judgment Out-of-Time." (Doc. # 31). In Plaintiff's motion, Plaintiff's counsel James Wooten states that due to personal and professional obligations, he was unable to comply with the deadlines set by this Court. The Defendants oppose this motion, contending that the Plaintiff has failed to demonstrate good cause for his late filing.

At this time, the Court is unwilling to prejudice the Plaintiff based on Mr. Wooten's shortcomings. However, the Court has noticed a serious and disturbing pattern in Mr. Wooten's conduct before this Court. The Plaintiff's response to summary judgment was originally due April 27, 2011. (Doc. # 21). On April 28, 2011 the Plaintiff filed a motion for extension of this deadline, citing Mr. Wooten's "personal and professional schedule." (Doc. # 22). Despite having filed the motion after his deadline had passed, the Court granted the motion, allowing the Plaintiff until May 13, 2011 to

file his response.  (Doc. # 23).

Despite having an extra two weeks to file a response to summary judgment, the Plaintiff again missed his deadline.  Instead of filing on May 13, 2011, he filed his response on May 20, 2011.  (Doc. # 25).  Not until five days later did the Plaintiff file a motion for permission to file his response out of time.  (Doc. # 31).  Again, Mr. Wooten cited unspecified "personal and professional obligations" which prevented him from filing his response on time.  The Court notes that the Plaintiff had a total of *six* weeks to prepare and file his response.

During this same time period, the Plaintiff failed to file a Notice Concerning Settlement Conference and Mediation as required by Section 3 of the Uniform Scheduling Order.  (Doc. # 16).  This Court required Mr. Wooten to show cause why he should not be sanctioned for failing to comply with an order of this Court.  Again, Mr. Wooten responded that his "personal and professional obligations" prevented him from complying.  (Doc. # 33).

Mr. Wooten has now failed to comply with three deadlines set by this court, without sufficient justification.  Accordingly, it is hereby ORDERED that a hearing to determine sanctions against Plaintiff's counsel is set for June 16, 2011 at 9:00 A.M. in the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama.  However, because the Court does not wish to punish the Plaintiff, it is further

ORDERED that the "Motion to Allow Plaintiff to File his Response to the Defendant's Motion for Summary Judgment Out-of-Time" (Doc. # 31) is GRANTED.

Done this the 3rd day of June, 2011.

        /s/ Mark E. Fuller
        UNITED STATES DISTRICT JUDGE